UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES VEAL                                    CRIMINAL ACTION

VERSUS                                        NO: 14-762

TIM KEITH, WARDEN                             SECTION: R

**ORDER AND REASONS**

Petitioner James Veal moves the Court to permit him to proceed *in forma pauperis* on appeal.[1]  Because Veal's appeal is not taken in good faith, the Court DENIES the motion.

**I.    BACKGROUND**

Veal is incarcerated at the Winn Correctional Facility in Winnfield, Louisiana.  On August 28, 2013, Veal filed a petition for writ of *habeas corpus*.[2]  In his petition, Veal asserts two ineffective assistance of counsel claims: (1) trial counsel was ineffective by allowing Veal to take the stand; and (2) trial counsel was ineffective by failing to raise an entrapment defense.[3] Magistrate Judge Joseph Wilkinson determined that an evidentiary hearing was unnecessary, and recommended that Veal's petition be denied and dismissed with prejudice.[4]  More specifically,

---

[1] R. Doc. 24.

[2] R. Doc. 1.

[3] *Id.* at

[4] R. Doc. 15.

Magistrate Judge Wilkinson found that Veal's trial counsel did not provide deficient performance by permitting Veal to take the stand, as both counsel and the trial judge admonished Veal that if he decided to testify, the prosecution could impeach him with his prior drug convictions.[5]   Magistrate Judge Wilkinson also found that Veal's counsel did not provide ineffective assistance by failing to pursue an entrapment defense, as "there was <u>no</u> reasonable probability that entrapment was a viable defense" given Veal's criminal record and Veal's own testimony demonstrating "his willingness to assist drug purchasers in his neighborhood."[6]

On December 19, 2014, the Court approved the Magistrate Judge's Report and Recommendation and adopted it as its opinion.[7] The Court also denied a certificate of appealability finding that no reasonable jurist could debate the propriety of the Court's order dismissing Veal's petition.[8]

Veal now moves the Court to proceed with his appeal *in forma pauperis*.[9]

---

[5] *Id.* at 17 ("Veal has not shown that counsel acted unreasonably when it was Veal himself who voluntarily took the stand against [counsel's] advice.").

[6] *Id.* at 20 (emphasis in original).

[7] R. Doc. 19.

[8] *Id.* at 2.

[9] R. Doc. 24.

## II.  STANDARD

A plaintiff may proceed with an appeal *in forma pauperis* when he "submits an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis.  See Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988); *Williams v. Estelle,* 681 F.2d 946, 947 (5th Cir. 1982).  The district court must inquire as to whether the costs of appeal would cause an undue financial hardship.  *Prows,* 842 F.2d at 140; *see also Walker v. Univ. of Tex. Med. Branch,* No. 1:08-CV-417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and, therefore, is a flexible concept.  However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'") (quoting *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).  The court must also determine whether the appeal is taken in good faith. 28 U.S.C. § 1915(3).  "'Good faith' is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Coppedge v. U.S.*, 369 U.S. 438, 445 (1962)).

## III. DISCUSSION

Veal's motion to proceed *in forma pauperis* indicates that he does not have any money in his drawing account or savings account. Veal also indicates that he has no other assets.[10]

Although Veal's motion to proceed *in forma pauperis* suggests his inability to pay fees related to his appeal, the Court denies his motion because his appeal is not taken in good faith.  As stated in the Court's order adopting Magistrate Judge Wilkinson's Report and Recommendation, Veal has failed to make a substantial showing of the denial of a constitutional right.  Indeed, upon review of the record, the Court finds that Veal's ineffective assistance of counsel claims lack any arguable basis in law or fact.  Accordingly, the Court denies as frivolous Veal's motion to proceed *in forma pauperis*.  *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003) ("A complaint is frivolous if it lacks an arguable basis either in law or in fact.").

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Veal's motion for leave to appeal *in forma pauperis*.

---

[10] R. Doc. 24.

4

New Orleans, Louisiana, this 12th day of June, 2015.

_____
          SARAH S. VANCE
    UNITED STATES DISTRICT JUDGE